IN THE UNITED STATES DISTRICT COURT
FOR THE WESERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **WILBY JAMES BRANHAM,** ) | | |
| Plaintiff, ) | Civil Acton No. 7:19cv00519 | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **TIMOTHY TRENT, et al.,** ) | By: | Hon. Thomas T. Cullen |
| Defendants. ) | | United States District Judge |

Plaintiff Wilby James Branham, a Virginia inmate proceeding *pro se*, filed this civil action, pursuant to 42 U.S.C. § 1983, against correctional officers Timothy Trent and Major Espinoza. Branham seeks leave to proceed *in forma pauperis* with this action. Having reviewed Branham's complaint, the court will grant his request to proceed *in forma pauperis*, but will dismiss his complaint for failure to comply with this court's orders. Alternatively, the court concludes that Branham has failed to state a cognizable federal claim against the named defendants. Therefore, the court will dismiss Branham's complaint, without prejudice.

I.

Branham alleges that, on June 24, 2019, outside of his presence, someone opened mail addressed to him from the Danville Circuit Court and removed the first page before giving it to him. He alleges that these actions violated his constitutional rights, and he seeks $5 million in damages.

Branham filed this action on July 24, 2019. The next day, the court issued a Conditional Filing Order that stated, "Plaintiff shall notify the court in writing immediately upon Plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT

OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE." (ECF No. 4, ¶ 4.)

On September 18, 2020, the case was transferred to the undersigned, and the clerk's office mailed a copy of the order transferring the case to Barnham on that date. Eleven days later, on September 29, that order was returned to the court as undeliverable, and no forwarding address given. (*See* ECF No. 10.)

## II.

Branham has failed to comply with the court's Conditional Filing Order entered on July 25, 2019. Under paragraph 4 of the Order, Branham was required to notify the court of any transfer or release and provide a new, current address any time that such a transfer or release took place. (ECF No. 4.) The Order states that failure to notify the Court of a change of address will result in dismissal of Branham's case. (*Id.*) Since then, court mail sent to Branham has been returned as undeliverable, and Branham has failed to provide the court with an updated address. Because Branham has failed to comply with the terms of the Order, his case will be dismissed.

## III.

Even if Branham had complied with this court's order, his complaint would also be subject to dismissal on the merits. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Supreme Court has recognized two categories of "access to court" cases. The first category includes those cases

where a large number of individuals are denied access to resources or opportunities to prepare or file suits. *See Christopher v. Harbury*, 536 U.S. 403, 412–13. The second category, implicated here, involves "specific cases" where the alleged misconduct prejudiced the delivery of justice. *See id.* at 413. In both instances, however, the purpose is the same; the goal of an "access to courts" action is to vindicate opportunities lost through a defendants' actions. *Id.* at 414–15.

A valid "access to courts" complaint must allege sufficient facts to show "that the defendants have scuttled [a prisoner's] pursuit of a nonfrivolous, arguable claim." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quotation omitted). To avoid dismissal under this standard, a complaint must identify both "the underlying cause of action" and the specific act that frustrated the litigation. *Christopher*, 536 U.S. at 415. Additionally, the alleged injury must be specific and actual. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *see also White v. White*, 886 F.3d 721, 723 (4th Cir. 1989) (dismissing plaintiff's suit because he did not allege "any detriment" to his proceedings by the defendants' actions). Put another way, "[t]o establish that his rights have been violated by the [d]efendants, the plaintiff must demonstrate that there was some actual harm or prejudice to his ability to communicate with the court . . . ." *Brooks v. Bufford*, Civil Action No. 2:10-689-TLW-BHH, 2011 WL 2119281, at *8 (D.S.C. March 31, 2011) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)) (Report & Recommendation), *adopted by* 2011 WL 2116416 (D.S.C. May 27, 2011).

Branham's complaint suffers several fatal defects. First, although he names both Timothy Trent and Major Espinoza as defendants, he has failed to set forth any allegations against either individual. For example, in his complaint, Branham alleges his legal mail "was opened outside of [his] presence and a page was missing . . . . [He] had the (2) two officers

that gave [him his] legal mail write this on it and sign it to verify it." (Compl. ¶ E.) Importantly, Branham does not identify the officers who allegedly opened his mail and removed a page. Moreover, in his grievances, which he attached as exhibits to his complaint, he identifies two *different* individuals that he claims he spoke with, neither of whom is named as a defendant in this action. (*See* ECF No. 1-1 (noting that Branham spoke to "Cap. Talbott #127" and "Officer Millner #153" about the incident).) Because Branham has failed to state any cause of action against the named defendants, his complaint must be dismissed.

Second, although Branham has alleged specific conduct, he has not identified a specific injury. He does not identify the litigation the court mail concerned, the contents of the page allegedly removed, or any facts to show the subject litigation was nonfrivolous. Additionally, he does not allege that the missing page was relevant to the litigation in any way. In the absence of these facts, Branham has failed to allege any "prejudice to his ability to communicate with the court . . . ." *Brooks*, 2011 WL 2119281, at *8. Because an isolated event of mail mishandling does not state a constitutional claim, Branham has not alleged sufficient facts to state a valid claim, and his complaint must be dismissed. *Accord Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (noting that "a few isolated instances of plaintiff's mail being opened out of his presence" and contrary to the policy of the jail is insufficient to state a constitutional violation).

## IV.

In conclusion, the court will grant Branham's motion for leave to proceed *in forma pauperis* but will dismiss this action, without prejudice, due to Branham's failure to abide by the court's order or to state a valid claim.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying order to Branham and all other counsel of record.

**ENTERED** this 20th day of November, 2020.

                                                        */s/ Thomas T. Cullen*
                                                        HON. THOMAS T. CULLEN
                                                        UNITED STATES DISTRICT JUDGE